Mr. A.Y. Levine Deputy Director Department of Administration 1525 Sherman Street, 7th Floor Denver, Colorado 80203
Dear Mr. Levine:
I am writing in response to your March 16, 1981 request for an attorney general's opinion on the question of the rights of the general public to enter state buildings.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents the following question:
1. Whether the Department of Administration has the legal authority to restrict entrance to public buildings?
 It is my conclusion that the department may promulgate rules restricting the use of public buildings as to time, manner or permitted activities and may prohibit activity which substantially interferes with the use of such buildings.
ANALYSIS
The Department of Administration is the state agency charged with the security, control, and maintenance of certain public buildings. C.R.S. 1973, 24-82-101 (Supp. 1980) vests the department with the control of the capitol and Colorado State Museum and grounds, adjacent property, and all appurtenances thereto. Further, the provisions of C.R.S. 1973, 24-30-102(1)(h) (Supp. 1980) give the executive director of the department the power to "(s)upervise the provision of maintenance and other related services to all buildings and grounds in the capitol buildings group."
C.R.S. 1973, title 18, article 9, part 1 sets forth the Colorado law regarding offenses against the public peace, order and decency. C.R.S. 1973, 18-9-110 and 18-9-117 specifically provide for the lawful use and security of public buildings. Those statutes provide as follows:
 18-9-110. Public buildings — trespass, interference — penalty. (1) No person shall so conduct himself at or in any public building owned, operated, or controlled by the state or any of its political subdivisions as to willfully deny to any public official, public employee, or invitee on such premises the lawful rights of such official, employee, or invitee to enter, to use the facilities of, or to leave any such public building.
 (2) No person shall, at or in any such public building, willfully impede any public official or employee in the lawful performance of duties or activities through the use of restraint, abduction, coercion, or intimidation or by force and violence or threat thereof.
 (3) No person shall willfully refuse or fail to leave any such public building upon being requested to do so by the chief administrative officer or his designee charged with maintaining order in such public building, if the person has committed, is committing, threatens to commit, or incites others to commit any act which did, or would if completed, disrupt, impair, interfere with, or obstruct the lawful missions, processes, procedures, or functions being carried on in the public building.
 (4) No person shall, at any meeting or session conducted by any judicial, legislative, or administrative body or official at or in any public building, willfully impede, disrupt, or hinder the normal proceedings of such meeting or session by any act of intrusion into the chamber or other areas designated for the use of the body or official conducting the meeting or session or by any act designed to intimidate, coerce, or hinder any member of such body or official engaged in the performance of duties at such meeting or session.
 (5) No person shall, by any act of intrusion into the chamber or other areas designated for the use of any executive body or official at or in any public building, willfully impede, disrupt, or hinder the normal proceedings of such body or official.
 (6) No person, alone or in concert with another, shall picket inside any building in which the chambers, galleries, or offices of the general assembly, or either house thereof, are located, or in which the legislative office of any member of the general assembly is located, or in which a legislative hearing or meeting is being or is to be conducted.
 (7) The term "public building", as used in this section, includes any premises being temporarily used by a public officer or employee in the discharge of his official duties.
 (8) Any person who violates any of the provisions of this section commits a class 2 misdemeanor.
 18-9-117. Unlawful conduct on public property.
(1) It is unlawful for any person to enter or remain in any public building or on any public property or to conduct himself in or on the same in violation of any order, rule, or regulation concerning any matter prescribed in this subsection (1), limiting or prohibiting the use or activities or conduct in such public building or on such public property, issued by any officer or agency having the power of control, management, or supervision of the building or property. In addition to any authority granted by any other law, each such officer or agency may adopt such orders, rules, or regulations as are reasonably necessary for the administration, protection, and maintenance of such public buildings and property, specifically, orders, rules, and regulations upon the following matters:
. . .
 (b) Restriction or limitation of the use of such public buildings or property as to time, manner, or permitted activities;
 (c) Prohibition of activities or conduct within public buildings or on public property which may be reasonably expected to substantially interfere with the use and enjoyment of such places by others or which may constitute a general nuisance;
 (d) Necessary sanitation, health, and safety measures, consistent with section 25-13-113, C.R.S. 1973;
. . .
 (2) No conviction may be obtained under this section unless notice of such limitations or prohibitions is prominently posted at all public entrances to such building or property or unless such notice is actually first given the person by the officer or agency, including any agent thereof, or by any law enforcement officer having jurisdiction or authority to enforce this section.
 (3) Any person who violates subsection (1) of this section is guilty of a class 3 misdemeanor.
"Public building" is defined in C.R.S. 1973, 18-9-110(7) as any premises temporarily used by a public officer or employee in the discharge of his duties. C.R.S. 1973, 18-9-117, referring to both "public buildings" and "public property" contains no definition of those terms. However, construing those terms to have their common and generally accepted meaning, all state buildings and state property under the jurisdiction of the Department of Administration must be considered to be public buildings and public property.
Therefore, under the provisions of C.R.S. 1973, 18-9-117(1), the executive director of the department, as the supervisor of those state buildings specified in C.R.S. 1973, 24-82-101 (Supp. 1980), may issue rules or regulations reasonably necessary for the administration, protection, and maintenance of such buildings and property, and specifically concerning those matters set forth in C.R.S. 1973, 18-9-117(1)(a) through (g). It should be noted, however, that no criminal conviction of an offense enumerated in that section may be obtained unless notice of such limitations is prominently posted at public entrances to the building, or actually given to the person by the agency or a law enforcement officer.
The rule making authority given to the department under the above cited sections would allow you to promulgate rules that would (a) restrict or limit the use of buildings as to time, manner, or permitted activities; (b) prohibit activities or conduct within the buildings which may reasonably be expected to substantially interfere with the use of the building, or the performance of official duties by the building employees; or (c) prevent interference with the security, maintenance or use of the building.
It should be noted that the courts have closely scrutinized statutes and ordinances that attempt to impose any absolute prohibition on what may be constitutionally protected forms of expression, including picketing and leafletting. Any rules limiting or prohibiting access to public buildings must be reasonably related to the legitimate goal of preserving the peace, order and use of public buildings and must be applied fairly. The United States Supreme Court has held, inGrayned v. Rockford, 408 U.S. 104, 92 S.Ct. 2294,33 L.Ed.2d 22 (1972), "(G)overnment has no power to restrict (expressive) activity because of its message, (but) reasonable time, place and manner regulations may be necessary to further significant governmental interests, and are permitted. . . The nature of a place, `the pattern of it's normal activities, dictates the kinds of regulations of time, place and manner that are reasonable.'" (Citation omitted.) We would be glad to discuss any proposed rules with the department in some detail, if you choose to promulgate such rules.
SUMMARY
It is my conclusion that the Department of Administration may through its rule-making authority restrict the use of public buildings under its supervision as to time, manner or permitted activities, and may promulgate rules reasonably related to prohibiting interference with the lawful use of such buildings.
Very truly yours,
 J.D. MacFARLANE Attorney General
PUBLIC BUILDINGS POLICE RULES AND REGULATIONS PEACE OFFICERS
C.R.S. 1973, 18-9-110
C.R.S. 1973, 18-9-117
C.R.S. 1973, 24-30-102
C.R.S. 1973, 24-82-101
ADMINISTRATION, DEPT. OF Administration
The Department of Administration has the authority to promulgate rules restricting entrance to capitol buildings if such rules reflect reasonable time, place and manner restrictions.